245 P.2d 845

## WILSON v. SCHERMERHORN OIL CO.
### No. 5502.

Supreme Court of New Mexico.
June 24, 1952.

Neal & Girand, Hobbs, for appellant.

L. George Schubert, Hobbs, for appellee.

McGHEE, Justice.

Plaintiff Wilson recovered judgment for $300 against the defendant oil company as damages for the death of a bull caused by its drinking oil which, the trial court found, had escaped from a wooden tank belonging to the defendant, and which was located in the pasture where the bull grazed.

The bull was missed about February 10, 1951, and its body was found by the plaintiff about March 1 following. According to the witnesses it had been dead two weeks or longer. Immediately after he found the body of the bull, the plaintiff, two of his neighbors and the deputy sheriff stationed at Jal, New Mexico, inspected the body of the bull, the wooden tank of the defendant and the tanks and oil installations belonging to other oil companies located in the same pasture. According to their testimony, the defendant's wooden tank was leaking oil and it had accumulated in several low places. The tracks of cattle were visible in and around these pools. These witnesses lived in the vicinity and each testified wooden tanks leak oil continuously. Each also testified they found no evidence of leaking oil around any other tank or oil installation, or at any other place in the pasture.

On the other hand, a pumper working for the defendant testified he was at the wooden tank of the defendant two or three times each day during the months of February and March and there had been no leaking of oil whatsoever. The superintendent of the defendant also testified the wooden tank in question had not leaked oil for four or five years, and that in March he found oil in puddles at the tanks of at least two other companies in the same pasture. In addition, employees of the defendant testified that on February 7, 1951, employees of the Weier Drilling Company drained an oil tank in an adjoining pasture for the purpose of cleaning it; that oil therefrom ran into the pasture where the bull was found dead; and that

the oil was not covered with sand or burned until the following day, thus providing a source from which it is argued the bull might have drunk the oil which caused his death. The body of the bull was about one half mile from this Weier oil. Witnesses placed the dead bull at from 100 yards to a quarter of a mile or more from the defendant's wooden tank.

The trial court found that on or about February 15, 1951, the bull drank oil which had leaked from the wooden tank of the defendant and accumulated in a pool, and that such drinking caused the death of the bull. It further found the tank had leaked oil for a considerable time prior to the middle of February, 1951, and during that month. It also found the defendant had failed to use ordinary care in permitting the oily substance which escaped from the tank to accumulate in pools and puddles on the ground in the area immediately adjacent to the tank. It found oil did not accumulate in pools at any of the other oil installations in the pasture, and that the negligence of the defendant was the sole and proximate cause of the death of the bull.

The trial court denied a requested finding of the defendant that oil had spilled into the pasture where the bull's body was found as a result of the Weier operation mentioned above.

The defendant strongly argues that as the testimony of its witnesses as to the Weier operation was undisputed, it was error to refuse a finding based thereon, under the rule of Medler v. Henry, 44 N.M. 275, 101 P.2d 398; and that it is as likely the bull drank the Weier oil as that it drank oil which had escaped from its wooded tank

■ It is true a trial court may not arbitrarily refuse to make a finding of fact based upon undisputed testimony, but this does not mean it cannot refuse to believe such testimony if it believes the party who produces it has put on other perjured testimony, or testimony that appears to be such. The plaintiff and his witnesses testified positively that this wooden tank was leaking oil in the early days of March, and that all wooden tanks leak oil; while the pumper and the superintendent of the defendant testified positively this tank did not leak, one giving it a clean bill of health for four or five years. There was also a direct conflict of testimony as to whether there was oil in puddles at the installations of other companies in the same pasture. Clearly one set of witnesses testified falsely as to material matters in the case and it was the province of the trial court to determine which had so testified; when it determined it was the pumper and superintendent, it was within its province to reject the story of the Weier oil as a fabrication, and this it must have done. With the story of the Weier oil rejected, and the testimony of the plaintiff and his witnesses

accepted as true, the liability of the defendant is clearly established. It is an accepted fact in the oil fields that cattle drink oil when they have the opportunity and it kills them. The continued use by the defendant of a leaky, unfenced wooden tank for the storage or handling of oil in a pasture where cattle grazed was negligence, and it must pay for the plaintiff's bull.

The judgment will be affirmed and the cause remanded to the District Court with instructions to enforce its judgment against the defendant and its sureties on the supersedeas bond.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.